# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY BAILEY and DEAN JAHN,

    Plaintiffs,

v.

NEVADA DEPARTMENT OF CORRECTIONS,

    Defendants.

3:15-cv-00568-RCJ-WGC

**ORDER**

## I. DISCUSSION

This case was initiated by two *pro se* plaintiffs who are in the custody of the Nevada Department of Corrections ("NDOC"). Each plaintiff submitted his own application to proceed *in forma pauperis*. (ECF No. 1, 3). However, they submitted one 42 U.S.C. § 1983 complaint. (ECF No. 1-1). The complaint identifies both Bailey and Jahn as the plaintiffs in this case. (ECF No. 1-1 at 1). The same day that they submitted the complaint, Jahn also submitted a motion to file an extended civil rights complaint. (ECF No. 1-2). On February 18, 2016, Bailey filed a second request to file a longer § 1983 complaint. (ECF No. 4). On March 4, 2016, Bailey filed a motion to file an enlarged supplemental civil rights complaint. (ECF No. 5). Bailey attached a proposed supplemental complaint to the motion. (ECF No. 5-1). The supplemental complaint does not list Jahn's name on the document. (ECF No. 5-1). Additionally, the allegations that had once included both plaintiffs' names now only say Bailey. (*Compare* ECF No. 5-1 *with* ECF No. 1-1). On March 18, 2016, William Shutt filed an application to proceed *in forma pauperis* and a motion to join the lawsuit as an interested party. (ECF No. 6, 6-1).

*Pro se* litigants have the right to plead and conduct their own cases personally. *See* 28

U.S.C. § 1654.  However, *pro se* litigants have no authority to represent anyone other than themselves.  See *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

Based on the filings, the Court finds that each plaintiff must proceed with his own case individually.  Although plaintiffs filed the original complaint together, it appears that Bailey is attempting to proceed with this case alone and has eliminated Jahn from the supplemental complaint.  The Court finds that in order to ensure that each *pro se* plaintiff is only representing himself, each plaintiff must file their own application to proceed *in forma pauperis* and their own complaint in their own individual cases.  As such, the Court dismisses this case, without prejudice, for each plaintiff to file his own application to proceed *in forma pauperis* and complaint with the Clerk of the Court in order to open new individual cases.  The Court also directs William Shutt to file his own application to proceed *in forma pauperis* and his own complaint in a new action.

## II.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that the applications to proceed *in forma pauperis* (ECF No. 1, 3, 6) are denied as moot.

IT IS FURTHER ORDERED that the motions to file longer than normal civil rights complaints (ECF No. 1-2, 4) are denied as moot.

IT IS FURTHER ORDERED that the motion to file an enlarged supplemental complaint (ECF No. 5-1) is denied as moot.

IT IS FURTHER ORDERED that the motion to join as an interested party (ECF No. 6-1) is denied as moot.

IT IS FURTHER ORDERED that the case is dismissed in its entirety, without prejudice, but without leave to amend.

IT IS FURTHER ORDERED that each individual Plaintiff (Bailey and Jahn) and interested party (Shutt) should each file their own individual cases with the Clerk of the Court.  They may do so by filing individual applications to proceed *in forma pauperis* and individual complaints with the Clerk of the Court.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Bailey, Jahn, and Shutt the approved form for filing a § 1983 complaint, instructions for the same, and a copy of the original complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED: This 12th day of April, 2016.

_____
United States District Judge

3